DLD-245                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2424

_____

JEFFREY GIBSON,
                                            Appellant

v.

UNITED STATES JUDGE RAMBO; U.S. GOLD BANKS;
SUSQUEHANNA TOWNSHIP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-02348)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2010
Before:  FUENTES, JORDAN AND HARDIMAN, Circuit Judges

(filed: August 9, 2010 )
_____

OPINION
_____

PER CURIAM

Appellant, Jeffrey Gibson, proceeding pro se, appeals from the order of the United

States District Court for the Middle District of Pennsylvania dismissing his complaint

pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, we will dismiss this

appeal under § 1915(e)(2)(B).

In response to tax increases, Gibson filed an earlier complaint against United States Gold Banks and Susquehanna Township. (See Civ. No. 09-cv-1293 (M.D. Pa.))  In this prior action, he sought the following actions: 1) standard TV should be reinstated rather than digital; 2) United States money should be backed by gold and silver; 3) citizens should be able to vote in favor of or against taxes; 4) states should be allowed to have ten percent of the gold reserves; and 5) people residing in Susquehanna Township should have the right to vote on all township taxes.  On July 24, 2009, District Judge Sylvia Rambo held that the complaint failed to state a claim upon which relief can be granted and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B).  Gibson did not appeal this dismissal.

Instead, Gibson initiated a new action on December 1, 2010, alleging that Judge Rambo's decision had been illegal and discriminatory.  Gibson also readdressed his prior allegations against United States Gold Banks and Susquehanna Township.  In an order dated December 23, 2009, the District Court gave Gibson the opportunity to file an amended complaint by January 13, 2010.  He failed to submit an amended complaint to the court.[1]  On April 22, 2010, the District Court dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Gibson filed a timely notice of appeal to this

---

[1] In the interim, then Chief Judge Anthony J. Scirica re-assigned this case from Judge Nora Barry Fischer of the Western District of Pennsylvania to Judge Gene E.K. Pratter of the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 292(b).

Court.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Gibson has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In his notice of appeal, it appears that Gibson argues that the District Court failed to rule on his claim that Judge Rambo has never allowed a "black person" to win a case. He maintains that this is evidence that Judge Rambo discriminated against him in entering an order of dismissal. These claims are barred because judges are entitled to absolute immunity from suit based on actions taken in their official capacity. See Mireles v. Waco, 502 U.S. 9, 11 (1991). To the extent Gibson seeks to appeal the dismissal of his substantive claims, we agree that his complaint failed to state a claim upon which relief can be granted. Given the foregoing, we conclude that the District Court correctly dismissed Gibson's complaint as frivolous, after affording Gibson an opportunity to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).